JAP:CHB

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

M 12- 056

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

RIGOBERTO GOMEZ-CORDERO,

        Defendant.

- - - - - - - - - - - - - - - - X

C O M P L A I N T

(T. 8, U.S.C.,
§ 1326(a))

EASTERN DISTRICT OF NEW YORK, SS:

    GINGER GONZALES, being duly sworn, deposes and states that she is an Enforcement Officer with Customs and Border Protection, duly appointed according to law and acting as such.

    On or about January 17, 2012, within the Eastern District of New York and elsewhere, the defendant RIGOBERTO GOMEZ-CORDERO, being an alien who had previously been denied admission, excluded, deported and removed from the United States, and who had not made a re-application for admission to the United States to which the Secretary of the Department of Homeland Security, successor to the Attorney General, had expressly consented, attempted to enter the United States.

    (Title 8, United States Code, Section 1326(a).

    The source of your deponent's information and the grounds for her belief are as follows:[1/]

---

   [1/]    Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest,

2

1. I am an Enforcement Officer with Customs and Border Protection ("CBP") and have been involved in the investigation of numerous cases involving the illegal re-entry of aliens. I am familiar with the facts and circumstances set forth below from my participation in the investigation; my review of the investigative file, including the defendant's criminal history record; and from reports of other law enforcement officers involved in the investigation.

2. On January 17, 2012, the defendant RIGOBERTO GOMEZ-CORDERO arrived at John F. Kennedy International Airport, in Queens, New York, aboard JetBlue Flight number B6826 from Santo Domingo, Dominican Republic. The defendant presented to CBP a United States passport in the name of "GERED XAVIER ROLDAN CASERES."[2] The passport indicated that he was born in Puerto Rico. The CBP officer inquired about his background in Puerto Rico, and the defendant's responses were evasive.

3. The CBP officer then referred the defendant for further questioning and inspection. During this secondary inspection, CBP officers submitted the defendant's fingerprints

---

I have not described all the relevant facts and circumstances of which I am aware.

[2] Based on additional investigation, CBP officers determined that the passport was obtained at a postal facility in Massachusetts in or about June 2010. The applicant for the passport used documentation in the name of "GERED XAVIER ROLDAN CASERES" and a photograph resembling the defendant.

3

for review by a Federal Bureau of Investigation database and the Integrated Automated Fingerprint Identification System ("IAFIS"). In doing so, CBP officers observed that the defendant appeared to have attempted to alter or mutilate his fingerprints. The result of this review of the defendant's fingerprints identified the defendant as having been previously removed from the United States under the name RIGOBERTO GOMEZ-CORDERO on or about August 19, 2009 after he attempted to illegally enter the United States in Texas without permission in or about June 2009. After this initial review, the defendant admitted, in sum and substance and in part, that he was RIGOBERTO GOMEZ-CORDERO and a citizen of the Dominican Republic.

   4. As a result of this secondary inspection, officers from the Criminal Enforcement Unit responded to conduct additional investigation. Among other things, CBP officers obtained the records related to the defendant's prior removal from the United States. These records include a photograph of an individual who resembles the defendant and a complete set of fingerprints. These fingerprints appear to match the defendant's fingerprints. These records also indicate that the defendant had been removed from the United States a second time, in or about September 2011, after he was apprehended in Massachusetts.

   5. A preliminary search of CBP files has revealed that there exists no request by the defendant RIGOBERTO GOMEZ-

4

CORDERO for permission from the Secretary of the Department of Homeland Security, successor to the Attorney General, to re-enter the United States after removal.

WHEREFORE, your deponent respectfully requests that the defendant RIGOBERTO GOMEZ-CORDERO be dealt with according to law.

*[signature]*
GINGER GONZLES
Enforcement Officer
Customs and Border Protection

Sworn to before me this
18th day of January, 2012

_____
HONORABLE CHERYL L. POLLAK
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK